# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:09-cv-00459-FMC x | Date | March 4, 2009 |
|---|---|---|---|
| Title | Terri Jordan et al v. United States of America | | |

| Present: The Honorable | FLORENCE-MARIE COOPER |
|---|---|

| Alicia Mamer | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:**   ORDER re MOTION FOR RETURN OF SEIZED PROPERTY
(In Chambers)

The matter is before the Court on a Motion for Return of Seized Property (docket no. 1), filed on January 21, 2009.  The instant Motion was filed pursuant to Federal Rule of Criminal Procedure 41(g). In the absence of a pending criminal proceeding at the time of filing, the Court is required to treat a 41(g) motion as a civil complaint.  United States v. Ritchie, 342 F.3d 903, 906 (9th Cir. 2003) ("If a Rule [41(g)] motion is filed when no criminal proceeding is pending, the motion is treated as a civil complaint seeking equitable relief." (citing United States v. Martinson, 309 F.2d 1364, 1367 (9th Cir. 1987))).  Accordingly, the Court treats the instant Motion (docket no. 1) as a civil complaint.

The Federal Rules of Civil Procedure "apply to each stage of the proceedings."  United States v. Ibrahim, 522 F.3d 1003, 1007 (9th Cir. 2008). When the United States is a defendant in a civil action, service must be effected in accordance with the requirements set out in Federal Rule of Civil Procedure 4(i).  Here, there is no evidence of compliance with Rule 4(i).

Rather than dismiss for this apparent defect in service, the Court orders Claimants to provide proof of effective service of process on the government in accordance with Rule 4(i).  Pursuant to Rule 12(a)(2), the government shall serve a response within 60 days after service.

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |