1

2

3

4                                                            JS - 6

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         CENTRAL DISTRICT OF CALIFORNIA

10   IN  RE  RETURN  OF  SEIZED )    2:09-cv-00459-FMC √
     PROPERTY,                  )
11                              )    2:09-cv-01887-FMC-JCx
     TERRI JORDAN, et al.,      )
12                              )
                 Movants/Plaintiffs, )  ORDER   GRANTING   THE
13                              )    GOVERNMENT'S  MOTION  TO
     v.                         )    DISMISS ACTION
14                              )
     UNITED STATES OF AMERICA,  )    AND
15                              )
                 Respondent/Defendant. )  ORDER   DENYING   CLAIMANTS'
16                              )    REQUEST  FOR  CONSOLIDATION,
     _____ )  CROSS-MOTION TO DISMISS CIVIL
17                              )    FORFEITURE   COMPLAINT,   AND
     UNITED STATES OF AMERICA,  )    CROSS-MOTION  FOR  RETURN  OF
18                              )    DEFENDANT MOTORCYCLES
                 Plaintiff,     )
19                              )
     v.                         )
20                              )
     ASSORTED FIREARMS,         )
21   MOTORCYCLES, et al.,        )
                                )
22               Defendants.     )
                                )
23   _____ )
                                )
24   TERRI JORDAN, et al.,       )
                                )
25               Claimants.      )
                                )
26   _____ )

27

28        This matter is before the Court on the following motions: the Government's

     Motion to Dismiss Action (docket no. 11) in Case No. 2:09-cv-459-FMC, filed May

8, 2009; Claimants' Request for Consolidation, Cross-Motion to Dismiss Civil Forfeiture Complaint, and Cross-Motion for Return of Defendant Motorcycles (docket no. 13) in Case No. 2:09-cv-459-FMC, (docket no. 45) in Case No. 2:09-cv-1887-FMC-JCx, filed May 25, 2009. The Court has read and considered the moving, opposition, and reply documents submitted in connection with these motions. The Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for June 22, 2009, is removed from the Court's calendar. For the reasons and in the manner set forth below, the Court hereby GRANTS the Government's Motion to Dismiss Action, and DENIES Claimants' Request for Consolidation, Cross-Motion to Dismiss Civil Forfeiture Complaint, and Cross-Motion for Return of Defendant Motorcycles.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On October 9, 2008, a multi-count and multi-defendant indictment was returned in the criminal case, *United States v. Ruben Cavazos, et al.*, Case No. 2:08-cr-1201. On or about October 21, 2008, law enforcement agents arrested the defendants named in the indictment and executed seizure warrants of assorted firearms, motorcycles and other personal property ("Defendant Property"). Some of the motorcycles seized belonged to individuals named in the criminal indictment, while approximately fifty motorcycles seized are owned by individuals not named in the indictment ("Claimants"). By January 21, 2009, Claimants had not yet received any notice from the Government regarding their seized property, and filed a Motion for Return of Seized Property under Federal Rule of Criminal Procedure 41(g) in Case No. 2:09-cv-459-FMC, *In Re Return of Seized Property*. Claimants' Rule 41(g) motion alleged a violation of the notice requirement provided by 18 U.S.C. § 983(a)(1)(A)(i), and sought return of Claimants' motorcycles pursuant to 18 U.S.C. § 983(a)(1)(F).

The Government opposed Claimants' Rule 41(g) motion in part for failing to properly serve the Government. On March 4, 2009, the Court directed Claimants to

2

1   cure the defect in service of process, and granted the Government sixty (60) days to
2   respond, pursuant to Fed. R. Civ. P. 12(a)(2).  On March 19, 2009, the Government
3   filed a verified Complaint for civil judicial forfeiture, Case No. 2:09-cv-1887-FMC-
4   JCx, seeking judicial forfeiture of the assorted firearms, motorcycles, and other
5   personal property seized in October 2008.  On May 5, 2009, the Government filed
6   a First Amended Complaint in the civil forfeiture action.  On May 25, 2009, each
7   Claimant filed a verified Claim in the civil forfeiture action for the return of the
8   Defendant Property seized by the Government and owned by the Claimant.

9       Meanwhile, on May 8, 2009, the Government filed a Motion to Dismiss the
10  Rule 41(g) action in Case No. 2:09-cv-459-FMC.  On May 25, 2009, Claimants filed
11  a three-part motion and opposition: (1) Request for Consolidation of Case No. 2:09-
12  cv-459-FMC with Case No. 2:09-cv-1887-FMC-JCx; (2) Motion and Cross-Motion
13  to Dismiss Complaint in Case No. 2:09-cv-1887-FMC-JCx; and (3) Opposition to
14  the Government's Motion to Dismiss, and Cross-Motion for Return of Defendant
15  Motorcycles Pursuant to 18 U.S.C. § 983(a)(1)(F).  These motions are currently
16  pending before the Court.

## II.  LEGAL STANDARD

18      Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to
19  seek dismissal of a complaint that "fail[s] to state a claim upon which relief can be
20  granted." Fed. R. Civ. P. 12(b)(6).  All material factual allegations in the complaint
21  are assumed to be true and construed in the light most favorable to the plaintiff.
22  *Nursing Home Pension Fund, Local 144 v. Oracle Corp.,* 380 F.3d 1226, 1229 (9th
23  Cir. 2004) ("The general rule for 12(b)(6) motions is that allegations of material fact
24  made in the complaint should be taken as true and construed in the light most
25  favorable to the plaintiff.") (citing *Burgert v. Lokelani Bernice Pauahi Bishop Trust*,
26  200 F.3d 661, 663 (9th Cir. 2000)).  However, the Court "is not required to accept
27  legal conclusions cast in the form of factual allegations if those conclusions cannot
28  be reasonably drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18

1   F.3d 752, 755 (9th Cir. 1994) (internal citations omitted)*; see also Bell Atl. Corp. v.*
2   *Twombly,*__U. S. _ , 127 S. Ct. 1955, 1964-1965, 167 L. Ed. 2d 929 (2007) ("While
3   a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed
4   factual allegations, a plaintiff's obligation to provide the 'grounds' of his
5   'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic
6   recitation of the elements of a cause of action will not do.")

7          In ruling on a 12(b)(6) motion, a court generally cannot consider material
8   outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery
9   materials). *See, e.g., Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005). A court
10  may, however, consider exhibits submitted with the complaint, as well as documents
11  that are referred to in the complaint whose authenticity no party questions. *Id*.;
12  *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000) (citing *Branch v. Tunnell*,
13  14 F.3d 449, 453-54 (9th Cir. 1994)).

14         If the Court dismisses the complaint, it must decide whether to grant leave to
15  amend.  Denial of leave to amend is "improper unless it is clear that the complaint
16  could not be saved by any amendment."   *Livid Holdings Ltd. v. Salomon Smith*
17  *Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005) (citation omitted).

18                                **III. DISCUSSION**

19         The Court will address the parties' motions in the following order: (1)
20  Claimants' Cross-Motion to Dismiss Civil Forfeiture Action; (2) Claimants'
21  Cross-Motion for Return of Defendant Motorcycles; (3) Government's Motion to
22  Dismiss Case No. 2:09-cv-459-FMC; and (4) Claimants' Request for Consolidation.

23  **A.     Claimants' Cross-Motion to Dismiss Civil Forfeiture Action**

24         Claimants move to dismiss the Government's First Amended Verified
25  Complaint for Forfeiture for failing to sufficiently allege probable cause.  A civil
26  forfeiture complaint must "state sufficiently detailed facts to support a reasonable
27  belief that the government will be able to meet its burden of proof at trial."  Supp.
28  Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supp.

Rules") G(2)(f).  Furthermore, the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") requires the Government to demonstrate that it had probable cause to institute a civil forfeiture action.  *United States v. $493,850.00 in U.S. Currency*, 518 F.3d 1159, 1166 (9th Cir. 2008).  Probable cause is satisfied when there are "reasonable grounds to believe that the property was related to an illegal drug transaction, supported by less than prima facie proof but more than mere suspicion. . . . Probable cause to believe that the property is involved in some illegal activity is not enough – the government must have probable cause to believe that the property is involved in the activity subject to the specific forfeiture statute it invokes. . . . Probable cause may only be based upon information gathered before the complaint was filed."  *Id.* at 1169 (internal citations omitted); *see also United States v. 1948 South Martin Luther King Dr.*, 270 F.3d 1102, 1111 (7th Cir. 2001) ("Probable cause exists if 'the government has established that the totality of the circumstances demonstrates a nexus between the property and illegal drug activity.'").

Claimants argue that the Government's civil forfeiture Complaint fails to satisfy the probable cause requirement because it fails to allege that the Defendant Property was involved in the specific illegal activity cited in the Complaint subjecting the Property to forfeiture.  Claimants point to the statements averred in each cause of action, which do not contain any specific facts.  (1st Am. Compl. ¶¶ 32-36.) However, these statements are "[b]ased upon the facts set out herein," which include the introductory paragraph, "the <u>Cavazos</u> defendants and others (some of whom are named in exhibit A to this complaint), were members and associates of an organization engaged in, among other things, murder, conspiracy to commit murder, attempted murder, conspiracy to traffic in narcotics, narcotics-trafficking, robbery, extortion, money laundering and witness intimidation."  (1st Am. Compl. ¶ 8.)  In doing so, the Complaint claims that the individuals named in Exhibit A – the owners of the seized property – were members or associates of the organization known as the "Mongols."  The Complaint goes on to detail the numerous acts of violence,

1  narcotics-trafficking, money laundering, and related activities allegedly committed

2  by the Mongols.

3      The five causes of action pleaded are based upon those facts, and allege that

4  the Defendant Property was either used or intended to be used, or traceable to

5  proceeds used or intended to be used, for illegal activity subjecting the Property to

6  forfeiture.  For example, based upon the facts pleaded, the seized motorcycles were

7  allegedly "used or intended to be used to facilitate the transfer, sale, receipt,

8  possession or concealment of a controlled substance in violation of Title 21 of the

9  United States Code."  (1st Am. Compl. ¶ 32.)  In this fashion, the Complaint

10  adequately alleges that the Defendant Property was involved in the specific illegal

11  activity cited in the Complaint that would subject the Property to forfeiture.  This

12  satisfies the probable cause requirement and states sufficient facts to support a

13  reasonable belief that the Government will be able to meet its burden of proof at trial.

14  Claimants' Cross-Motion to Dismiss the civil forfeiture Complaint is hereby

15  DENIED.

16  **B.      Claimants' Cross-Motion for Return of Defendant Motorcycles**

17      Claimants move for the return of their motorcycles due to the Government's

18  alleged failure to comply with the Civil Asset Forfeiture Reform Act ("CAFRA").

19  The provision of CAFRA at issue provides:

20  > Except as provided in clauses (ii) through (v), in any nonjudicial civil
> forfeiture proceeding under a civil forfeiture statute, with respect to
21  > which the Government is required to send written notice to interested
> parties, such notice shall be sent in a manner to achieve proper notice as
22  > soon as practicable, and in no case more than 60 days after the date of
> the seizure.
23

24  18 U.S.C. § 983(a)(1)(A)(i).  The Government contends that this provision would

25  only apply if it had initiated a "nonjudicial civil forfeiture proceeding," which it

26  chose not to do in this case.  However, courts have observed that this provision

27  generally requires notice to be given within sixty (60) days of any seizure by the

28  Government.  *See, e.g., United States v. Real Property Located at 475 Martin Lane,*

*Beverly Hills, CA*, 545 F.3d 1134, 1141 (9th Cir. 2008) ("Under CAFRA, the government has sixty days after seizing property to send written notice to interested parties."); *United States v. $10,000.00 in U.S. Currency*, 2007 WL 2330318, at *1 (S.D. Cal. Aug. 13, 2007) (granting summary judgment and return of property due to Government's failure to provide timely notice after seizure); *United States v. $200,255.00 in U.S. Currency*, 2006 WL 1687774 (M.D. Ga. June 16, 2006) ("First, under the statute, the seizing authority has either 60 or 90 days within which to provide notice; in the absence of timely notice, the seizing agency must return the seized property."); *United States v. Miscellaneous Firearms, Explosives, Destructive Devices, Ammunition*, 399 F. Supp. 2d 881, 882 (C.D. Ill. 2005) ("Pursuant to CAFRA, the Government must commence either a non-judicial forfeiture (administrative) or a judicial forfeiture within 60 days after the seizure of the property.").

CAFRA sets forth the remedy for failing to provide timely notice:

> If the Government does not send notice of a seizure of property in accordance with subparagraph (A) to the person from whom the property was seized, and no extension of time is granted, the Government shall return the property to that person without prejudice to the right of the Government to commence a forfeiture proceeding at a later time. The Government shall not be required to return contraband or other property that the person from whom the property was seized may not legally possess.

18 U.S.C. § 983(a)(1)(F). Though the remedy for failing to provide timely notice is the return of the property seized, the statute also permits the Government to commence a judicial forfeiture proceeding at a later time. That time has come, as the Government filed its civil judicial forfeiture action in Case No. 2:09-cv-1887-FMC-JCx on March 19, 2009. Filing a complaint for civil forfeiture allows the Government to seize the property subject to forfeiture. *See* 21 U.S.C. § 881(b); 18 U.S.C. § 981(b) ("a seizure may be made without a warrant if [] a complaint for forfeiture has been filed in the United States district court and the court issued an arrest warrant in rem pursuant to the Supplemental Rules for Certain Admiralty and

1  Maritime Claims").  Release of the seized motorcycles to Claimants would therefore

2  be academic.  The Government's properly-filed civil forfeiture action would allow

3  it to immediately re-seize the property.

4         Section 983(a)(1)(F) does not clearly state whether the Government may

5  commence a forfeiture proceeding after having failed to provide timely notice

6  without first returning the property seized.  The prevailing view among several

7  district courts is that inadequate notice does not prohibit the Government from

8  bringing a forfeiture proceeding at any time, regardless of whether the property has

9  been returned.  *United States v. $114,031.00 in U.S. Currency*, 2007 WL 2904154,

10  at *3 (S.D. Fla. Oct. 4, 2007) ("The plain language of the statute says that returning

11  the property would not prevent the Government from later bringing a forfeiture

12  proceeding. It does not say that the Government is required to return the property

13  before it can bring a forfeiture proceeding."); *Manjarrez v. United States*, 2002 WL

14  31870533, *2 (N.D. Ill. 2002) ("Saying that the returning of the property does not

15  prevent later filing of a forfeiture action is very different from saying that returning

16  the property is a jurisdictional prerequisite to the later filing of a forfeiture action.");

17  *see also Salmo v. United States*, 2006 WL 2975503, *3 (E.D. Mich. 2006); *United

18  States v. Thompson*, 351 F. Supp. 2d 692, 693 (E.D. Mich. 2005); *but see United

19  States v. Assorted Jewelry with an Approximate Value of $219,860.00*, 386 F. Supp.

20  2d 9 (D. Puerto Rico 2005) (dismissing civil judicial forfeiture action and returning

21  property to claimant where the government failed to provide timely notice after

22  seizure); *De Saro v. United States*, 173 Fed. Appx. 760, 765 (11th Cir. March 22,

23  2006) ("Because of the government's failure to follow the notice provisions, there

24  is no bar in this civil proceeding for the paintings to be immediately returned.

25  According to the statute, returning the paintings would not prejudice the

26  government's right to initiate a civil forfeiture action, which it should have done in

27  the first place and finally did in the Southern District of Florida on March 2, 2006.").

28         The Court finds the prevailing view persuasive for the reasons noted by those

8

1     courts.  CAFRA allows the Government to file a civil forfeiture action at a later time

2     without having to first return the property at issue.  The filing of a proper civil

3     forfeiture action enables seizure of the property subject to forfeiture.  Claimants'

4     Cross-Motion for Return of Defendant Motorcycles is therefore DENIED.

5     **C.**     **Government's Motion to Dismiss Case No. 2:09-cv-459-FMC**

6     The Government moves to dismiss Case No. 2:09-cv-459-FMC, *In Re Return*

7     *of Seized Property*, which was brought by Claimants pursuant to Federal Rule of

8     Criminal Procedure 41(g), seeking relief pursuant to 18 U.S.C. § 983(a)(1)(F).  The

9     Government contends the case is no longer necessary, as Claimants may pursue any

10     desired relief in the civil forfeiture action, and because a pending civil forfeiture

11     action prohibits the maintenance of a Rule 41(g) motion.  The Court notes that the

12     Federal Rules of Criminal Procedure do not apply to "a civil property forfeiture for

13     violating a federal statute." Fed. R. Crim. P. 1(a)(5)(B).  More important, the Ninth

14     Circuit has held that a Rule 41(g) motion is properly denied once a civil forfeiture

15     action has been filed.  *United States v. U.S. Currency $83,310.78*, 851 F.2d 1231,

16     1235 (9th Cir. 1988) ("As discussed above, when a civil forfeiture proceeding has

17     been filed, the claimant has adequate remedies to challenge any fourth amendment

18     violation.  Accordingly, when a civil forfeiture proceeding is pending, there is no

19     need to fashion an equitable remedy to secure justice for the claimant.  The district

20     court did not err in denying the Rule 41(e) [predecessor to Rule 41(g)] motion.").

21     Moreover, the only relief sought from Claimants' Rule 41(g) motion is the

22     return of Defendant Motorcycles pursuant to 18 U.S.C. § 983(a)(1)(F).  As the Court

23     has denied Claimants' Motion for Return of Defendant Motorcycles under section

24     983(a)(1)(F), Claimants' Rule 41(g) motion is no longer necessary on this basis as

25     well.  Furthermore, it is clear that Claimants' Rule 41(g) cannot be saved by any

26     amendment.  The Government's Motion to Dismiss Case No. 2:09-cv-459-FMC, *In*

27     *Re Return of Seized Property* is hereby GRANTED.  Case No. 2:09-cv-459-FMC is

28     hereby DISMISSED WITH PREJUDICE.

1    **D.    Claimants' Request for Consolidation**

2         Claimants request consolidation of Case No. 2:09-cv-459-FMC, *In Re Return*

3    *of Seized Property* with the civil forfeiture action, Case No. 2:09-cv-1887-FMC-JCx.

4    As the Court has dismissed Case No. 2:09-cv-459-FMC, Claimants' Request for

5    Consolidation is hereby DENIED as moot.

6                              **IV.  CONCLUSION**

7         For the foregoing reasons and in the manner set forth above, the Government's

8    Motion to Dismiss Action (docket no. 11) in Case No. 2:09-cv-459-FMC is hereby

9    **GRANTED**.    Case No. 2:09-cv-459-FMC is hereby **DISMISSED WITH**

10   **PREJUDICE**. Claimants' Claimants' Request for Consolidation, Cross-Motion to

11   Dismiss Civil Forfeiture Complaint, and Cross-Motion for Return of Defendant

12   Motorcycles (docket no. 13) in Case No. 2:09-cv-459-FMC, (docket no. 45) in Case

13   No. 2:09-cv-1887-FMC-JCx is hereby **DENIED**.

14

15   **IT IS SO ORDERED.**

16   Dated: June 11, 2009

17

18   _____

19   FLORENCE-MARIE COOPER, JUDGE
     UNITED STATES DISTRICT COURT

20

21

22

23

24

25

26

27

28

10